# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YOUTOO TECHNOLOGIES, LLC, | 3:17-cv-00414-LRH-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 1 |
| TWITTER, INC., | |
| Defendant. | |

On July 10, 2017, Twitter filed a motion to compel interested party Strategic Gaming Management LLC (SGM) to produce documents pursuant to Federal Rule of Civil Procedure 45. (ECF Nos. 1, 1-2, sealed version at ECF No. 2-1.) SGM filed a response (ECF Nos. 5, 5-1), and Twitter filed a reply (ECF Nos. 7, 7-1 to 7-6, sealed version at ECF Nos. 8, 8-1 to 8-4). The court held a hearing on the motion on August 29, 2017.

Youtoo Technologies, LLC (Youtoo) sued Twitter for patent infringement in the Northern District of Texas. Twitter's arguments defending that case include that Youtoo did not have standing to assert the patent infringement claim. In short, that defense is based on a theory that Youtoo received funding from loans to SGM which were secured by an interest in Youtoo's patent portfolio, and to the extent SGM retained rights to the patents when the patent suit was filed in Texas, Youtoo lacked standing to assert the claims. As a result, Twitter issued a subpoena to SGM to obtain documents regarding SGM's ownership and security interest in the patents, documents related to the patents, including valuations and infringement and invalidity analyses relevant to ownership of and rights in the patents, the scope of the patents, patent validity, alleged infringement and damages.

/ / /

In response, SGM's counsel asserted objections and indicated it would not produce any documents. As of the time the motion to compel was filed, SGM had only produced the promissory notes, two letters and UCC financing statements. Twitter contends that SGM failed to produce documents including communications between SGM and Youtoo regarding their interest in the patents, the decision to initiate the patent case against Twitter, and SGM's interest in the patents or outcome of the patent litigation and regarding potential sale or monetization of the patents. As a result, Twitter filed a motion to compel.

In its response, SGM asserted three arguments: (1) Twitter never served SGM with the subpoena; (2) the subpoena failed to comply with Rule 45's provision that a subpoena may only command production within 100 miles of where a non-party resides or regularly transacts business in person; and (3) SGM already produced all responsive documents. SGM also requested sanctions against Twitter under Federal Rule of Civil Procedure 45(d)(1).

The Federal Rules of Civil Procedure allow a party serving a subpoena to move to compel production when the subpoenaed party serves objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i).

At the hearing, the court found that SGM waived any objection regarding service because it never asserted deficient service in an objection. Courts have held that the failure to timely raise an objection generally waives the objection, absent unusual circumstances and a good cause showing. *See e.g. Scruggs v. Vance,* No. 2:06-cv-0633 KJM KJN P, 2011 WL 6368297, at * 11 (E.D. Cal. Dec. 19, 2011) (citing *In re DG Acquisition Corp.,* 151 F.3d 75, 81 (2d Cir. 1998); *Milennium Holding Group, Inc. v. Sutura, Inc.*, No. 2:05-cv-00356-JCM-LRL, 2007 WL 121567, at * 3 (D. Nev. Jan. 11, 2007)); *McCoy v. Southwest Airlines Co.,* 211 FR.D. 381 (C.D. Cal. 2002).[1]

In addition, the court found that SGM waived its objection that the subpoena, which called for the production of documents in San Francisco when SGM is a Nevada LLC with its principal place of business in Montana, violated Rule 45. "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person

---

[1] In a declaration filed pursuant to court order, SGM's managing member admitted he was served with the subpoena on March 16, 2017. (ECF No. 18-1 at 2 ¶ 3.)

resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). The Advisory Committee Note to the 2013 Amendments to Rule 45(c)(2) states: "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." There is no Ninth Circuit decision on point, but the court interprets the Advisory Committee comment to mean that a subpoenaed third party can waive a 100-mile objection by agreeing to transmit production by electronic means, as SGM did here. While the court could be required to quash a subpoena that exceeds the geographical limits specified in Rule 45(c), SGM never filed such a motion. If SGM intended to invoke its objection based on the 100-mile provision, it should not have agreed to nevertheless produce documents electronically (and at the same time representing that it was not withholding any documents); instead, it should have filed a motion to quash and withheld production.

After hearing argument from counsel, the court took Twitter's motion under submission insofar as SGM asserted that the motion should be denied because it had produced all responsive documents.

Twitter argued that it was not convinced it had all responsive documents since the few that had been produced created an inference that there may be other responsive documents. SGM reiterated its position that there were no other responsive documents. SGM's counsel revealed to the court for the first time at the hearing that this was because SGM had a ninety-nine percent owner, Grant Lincoln, who undertook the search for documents responsive to Twitter's subpoena and produced all documents related to Youtoo from his e-mail and physical files. Counsel also mentioned Mr. Lincoln's practice of purging emails received in his inbox periodically as part of his regular course of business. Twitter expressed various concerns regarding these representations, including that it did not know what specific steps Mr. Lincoln had taken to identify the documents, whether and when he had purged any emails that might be responsive to the subpoena, and whether he had produced all responsive documents from his physical file, or if any had been retained based on an asserted objection.

/ / /

/ / /

/ / /

/ / /

3

Following the hearing, the court issued an order holding the remainder of the motion to compel in abeyance, and ordering SGM to file a declaration by Mr. Lincoln addressing the following:

> (1) the steps Mr. Lincoln undertook to search for documents responsive to Twitter's Rule 45 subpoena;
> (2) Mr. Lincoln's practice of purging emails received in his inbox; whether emails were purged following service of the subpoena; if emails were purged after the subpoena was served, when this occurred; and, if emails were purged that relate to Youtoo, whether there is a mechanism to recover those emails that would not subject SGM to undue burden and expense;
> (3) whether the entirety of documents in Mr. Lincoln's physical file related to Youtoo were produced, or whether any documents in that file (or those files) were withheld on the basis of any objection.

(ECF No. 13.)

In compliance with the court's order, SGM filed Mr. Lincoln's declaration on September 12, 2017. (ECF Nos. 18, 18-1.) He states that he is the managing member of SGM, and the only person at SGM who would possess any documents responsive to the subpoena. (ECF No. 18-1 at 2-3 ¶¶ 2, 4.) He undertook two steps to search for responsive documents: (1) he searched the file folders and cabinets in his office to look for documents in hard copy, as this was the only location relevant documents would have been; and (2) he searched his inbox folder, sent items folder, deleted items folder and iSweeps directory for his SGM email to look for responsive documents in electronic form, which was the only location where responsive electronic documents might be found. (*Id*. ¶¶ 5-7.) He confirmed that SGM produced the responsive documents he located, and that no responsive documents were withheld for privilege or on the basis of any objection. (*Id*.)

Mr. Lincoln clarified that he does not purge emails he receives in his inbox folder of his SGM email, but keeps emails received in the inbox, deletes the emails or files them in an appropriate directory. (*Id*. ¶ 8.) Again, he stated that he had searched his deleted items folder for responsive documents. He confirmed that no emails were purged from his inbox folder following service of the subpoena. (*Id*.)

Finally, Mr. Lincoln stated that all responsive documents in his physical file related to Youtoo were produced, and none (either in hardcopy or electronic form) were withheld for privilege or on the basis of any objection. (*Id*. ¶ 9.)

/ / /

/ / /

In light of Mr. Lincoln's declaration, the court finds there is nothing left to compel. SGM produced all of its relevant documents, and did not withhold any on the basis of any privilege or other objection. Therefore, Twitter's motion to compel is denied.

Insofar as SGM requested fees in connection with responding to the subpoena and motion to compel, that request is also denied.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees-- on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

The court does not find that Twitter imposed an undue burden or expense on SGM. Twitter had a reasonable basis for believing that not all of the responsive documents were produced. While that notion ultimately turned out to be incorrect, sanctions are not justified under these circumstances, particularly where SGM waited until the time of the hearing to convey pertinent information concerning why there were no further responsive documents.

**IT IS SO ORDERED.**

DATED: September 14, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE